{¶ 129} Being unable to agree fully with the majority, I respectfully dissent in part. Specifically, although I agree with the majority's conclusion that the sufficiency of the evidence supports most of defendant's numerous convictions, I disagree with that conclusion as applied to defendant's convictions for aggravated murder, as the evidence is not sufficient to support defendant's criminal liability as an aider or abettor.
 {¶ 130} The majority relies on State v. Palfy (1967),11 Ohio App.2d 142, analogizing the facts of that case to those present here, and applies the general proposition from Palfy
that "when a person `engages in a common design with others to rob another of property by force and violence he is presumed to acquiesce in whatever acts may be reasonably necessary to accomplish the object of the enterprise.'" State v. Brown (Feb 16, 1994) Summit App. No. 16319, quoting Palfy.
 {¶ 131} Unlike Palfy, where the defendant apparently was aware of the murder and drove the getaway car, the evidence here does not place defendant in the room with those who murdered John Hill, does not put the gun used to kill Hill in defendant's possession or in the possession of those with him at the time of the murder, and does not reflect that defendant knew of, assisted in, or cooperated in Hill's murder. State v. Trocodaro (1973),36 Ohio App.2d 1, 6 (stating that "unless one is in pursuance of a conspiracy previously formed, his involvement in an altercation which although connected with, is not the specific altercation occasioning, a homicide should not be held as a principal under the theory of aiding and abetting where he has neither actually incited, nor encouraged the perpetrator of the homicide"). In the absence of evidence of a criminal conspiracy and because the evidence does not support a finding that the murder was necessary to carry out the desired end of the criminal activity in which defendant was engaged, the evidence in support of defendant's convictions for aggravated murder is insufficient.
 {¶ 132} Without question, defendant engaged in egregious conduct the evening John Hill was murdered, and defendant appropriately is punished for that conduct. However, because the record lacks evidence to support defendant's involvement as an aider or abettor in Hill's murder, as required under R.C.2923.03, I, unlike the majority, conclude the aggravated murder convictions, and the accompanying gun specifications, are not supported by sufficient evidence.